**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02064-001-TUC-RM (DTF) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Devin Elenaze Molina, | |
| Defendant. | |

Pursuant to District Judge Marquez's order (Doc. 71), Defendant's Evidentiary Hearing came on for hearing before Magistrate Judge D. Thomas Ferraro on August 15, 2022. Defendant was present and assisted by counsel. The Government presented two witnesses and admitted five exhibits. Defendant called two witness, including himself and offered no exhibits.

## I.   FINDINGS OF FACTS

On January 13, 2022, pursuant to Special Condition number 4, Defendant checked into a halfway house operated by Dismiss Charities. On March 3, 2022, Defendant was transported from the halfway house to Banner South Hospital by ambulance. The same day, Molina was discharged from Banner South. According to the testimony of Mr. Matt Farrell, with Dismiss Charities, Molina did not return to the halfway house after he was discharged from Banner South Hospital. On March 4, 2022, Dismissed Charities listed Molina as absconding from the halfway house. Defendant testified vaguely that he had gone to another hospital after being discharged from Banner South Hospital. Initially,

Defendant did not remember the hospital name but believed it was the University Medical Center. Molina testified he returned to the halfway house after his discharged from this second hospital. He remembered it was daytime when he returned, but he was unable to provide a date when he returned. According to Defendant, when he returned, he was told he was no longer a resident of the halfway house. According to Mr. Farrell, there is no record of Defendant's return to the halfway house, and there would have been a record if he had returned.

## II. CONCLUSIONS OF LAW

A court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of their supervised release. *United States v. Musa*, 220 F.3d 1096, 1100 (9th Cir. 2000); *see also* 18 U.S.C. § 3583(e)(3).

A revocation petition (Doc. 71) was filed on March 14, 2022, alleging a single violation that Defendant had absconded from the halfway house. Having considered the pleadings, testimony, exhibits and arguments of counsel, the Magistrate Judge finds by a preponderance of the evidence that Defendant violated his conditions of supervised release.

## III. RECOMMENDATION FOR DISPOSITION BY THE DISTRICT COURT JUDGE

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Rule 57.6(d)(4), Local Rules of Criminal Procedure, the Magistrate Judge **RECOMMENDS** that the District Court, after an independent review of the record, find that Defendant violated Special Condition No. 4 of his terms of supervised release by absconding from the halfway house and schedule a disposition hearing for September 22, 2022, at 11:00 a.m.

Pursuant to § 636(b), any party may serve and file written objections with the District Court within fourteen (14) days of being served with a copy of this Report and Recommendation. If the objections are not timely filed, they may be deemed waived.

Dated this 15th day of August, 2022.

Honorable D. Thomas Ferraro
United States Magistrate Judge